**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **BIG G EXPRESS INC.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:08cv0318 |
| ) | |
| **LEVITON MANUFACTURING** ) | Judge Thomas A. Wiseman, Jr. |
| **COMPANY, INC. and AMERICAN** ) | |
| **INSULATED WIRE CORP.,** ) | |
| ) | |
|    **Defendants.** ) | |

**MEMORANDUM and ORDER**

Before the court is Defendants' Motion to Transfer Venue (Doc. No. 12), requesting that the Court enter an order transferring this matter to the United States District Court for the District of Rhode Island. In support of its motion, Defendants submit that Rhode Island's district court is the most convenient forum for this case. For the reasons set forth below, Defendants' motion will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Big G Express Inc. ("Big G") is incorporated in Tennessee with its principal place of business in Shelbyville, Tennessee. (Complaint ¶ 1.) Defendant Leviton Manufacturing Company, Inc. ("Leviton") is incorporated in Delaware with its principal place of business in the State of New York. (Complaint ¶ 2.) Defendant American Insulated Wire Corp. ("AIW") is incorporated in Rhode Island with its principal place of business in Massachusetts. (Complaint ¶ 2.)

On March 5, 2007, Leviton and AIW contracted, through a third party, with Big G for the transfer of a load of wire reels from Attleboro, Massachusetts to Maryville, Tennessee. (Complaint ¶ 7.) Big G sent its employee Joel Ulmer to perform the job. (Complaint ¶ 8.) Ulmer drove a tractor-trailer to AIW's South Attleboro, Massachusetts facility, where Leviton/AIW agents and/or employees loaded the wire reels into the trailer. (Complaint ¶ 9.) Ulmer then departed for the shipment's destination in Maryville. (Complaint ¶ 14.)

Big G alleges that Ulmer, while traveling through Providence, Rhode Island, was forced to make an abrupt stop, causing some of the wire reels to breach the nose of the trailer and the back of the cab. (Complaint ¶ 14.) The Rhode Island State Police Department responded to the situation, and neither

Ulmer nor Big G was cited by that police department or the United States Department of Transportation in relation to the incident. (Complaint ¶ 15.) To clear the wreckage, Big G hired Town Line Towing and Recovery ("TLT&R"), who towed the tractor-trailer to its lot for storage. (Complaint ¶ 16.)

On February 29, 2008, Big G filed a complaint against Leviton and AIW in the Circuit Court of Davidson County, Tennessee. The complaint alleges breach of contract and negligence, and requests compensation for damages to the tractor-trailer. Defendants removed the matter to this federal court pursuant to 28 U.S.C. § 1332. On April 11, Defendants filed a motion to transfer the venue of this case to the United States District Court for the District of Rhode Island.

## II.   ANALYSIS

### A.  Standard for Transfer of Venue

The relevant statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether to grant a change of venue pursuant to § 1404(a), the district courts are "required to exercise [their] discretion." *Hoffa v. Gray*, 323 F.2d 178, 179 (6th Cir. 1963).

### B.  Jurisdiction of Transferee Court

The initial question is whether the transferee court is in a district where this case "might have been brought." 28 U.S.C. § 1404(a). Big G does not dispute that this case could have appropriately been brought in Rhode Island's district court.

### C.  Justification of Transfer

Section 1404(a) directs the courts to respect private and public interests. *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). In this Circuit, consideration of those interests requires balancing the following elements::

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) relative advantages and obstacles to a fair trial; (4) the possibility of the existence of questions arising in the area of conflict of laws; (5) the advantage of having a local court determine questions of law; and (6) all other considerations of practical nature that make a trial easy, expeditious, and economical.

*S. Elec. Health Fund v. Bedrock Servs.*, 2003 U.S. Dist. LEXIS 24396, at *14-*15 (M.D. Tenn. Jul. 23, 2003) (citations omitted). The burden of proving a need for transfer is on Defendants as the movants in

this motion.  *See Blane v. Am. Inventors Corp.*, 934 F. Supp. 903, 907 (M.D. Tenn. 1996) (citing *Factors Etc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978)).   The burden of showing a need for transfer is considerable:  "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

The only factor possibly supporting Defendants' motion in the present case is accessibility to witnesses and proof.  Here, Defendants' burden is more specific:  "The party seeking the transfer *must clearly specify the key witnesses to be called* and must make a general statement of what their testimony will cover . . .  If a party has merely made a general allegation that witnesses will be necessary, *without identifying them and indicating what their testimony will be, the application for transfer will be denied*."  *Reynolds v. Arowood*, 2007 U.S. Dist. LEXIS 61785, at *5-*6 (M.D. Tenn. Aug. 21, 2007) (quoting *Bacik v. Peek*, 888 F. Supp. 1405, 1415 (N.D. Ohio 1993)) (ellipsis in original; emphasis added).

Defendants claim that any potential witnesses to the accident are located in Rhode Island.  Not only does Defendants' statement not meet the required specificity, the key potential witnesses to the accident are not in Rhode Island.  Ulmer, the driver of the tractor-trailer, is a resident of Tennessee.  Janyce Evans, who was behind Ulmer at the time of the accident and whose car made contact with Ulmer's during the accident, is a resident of the District of Columbia.  Defendants' agents/employees who loaded Ulmer's truck in Massachusetts and the investigating Rhode Island police officers might be witnesses, but Defendants have not contended as much, except to assert broadly that "[a]ny potential witnesses to the accident, the damages to Plaintiff's tractor and trailer at the scene, or the accident scene itself are located in Rhode Island."  (Doc. No. 13, at 5.)

With regard to accessibility of proof, Defendants have failed to point to any proof located in the northeastern region that is not available to the court here, in Nashville.  The contract between the parties, bill of lading, damage assessment, and TLT&R's invoice are all in the record.  The scene of the accident is in Rhode Island, but no argument has been offered as to the significance of a personal viewing.

Defendants cite their northeastern citizenship as further support.  A transfer to Rhode Island would certainly be more convenient to Defendants, but "[a]s a matter of law, the [d]efendants' personal convenience does not justify a transfer of venue."  *Reynolds*, 2007 U.S. Dist. LEXIS 61785, at *5 (citing *Bacik*, 888 F. Supp at 1415).

Plaintiff has chosen Tennessee as its home forum. The key witness resides in Tennessee. All known documentation relevant to the determination of this case is in the record. Ms. Evans resides outside of Tennessee, but, for her, Rhode Island is no more convenient than Nashville, Tennessee. It is possible that the accident scene and Defendants' agents/employees in Massachusetts will be relevant to this case, but this is speculation. Defendants have not shown that the relevant interests "strongly favor" transfer to Rhode Island.

Plaintiff's choice of forum will not be disturbed.

### III.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Transfer Venue (Doc. No. 9) is hereby **DENIED**.

This matter is referred to Magistrate Judge Bryant for further case management.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge