**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **BIG G EXPRESS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08-cv-0318 |
| ) | |
| **LEVITON MANUFACTURING COMPANY, INC.**[1] ) | Senior Judge Thomas A. Wiseman, Jr. |
| **and AMERICAN INSULATED WIRE CORP.,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

On March 20, 2009, the Court entered an Order (Doc. No. 98) granting plaintiff Big G Express, Inc.'s Motion to Revise or Clarifying the Court's prior order, entered March 10, 2009, granting in part and denying in part the plaintiff's motion for partial summary judgment (Doc. No. 94). The Court having granted Big G's motion to reconsider or clarify its earlier Order denying in part Big G's motion for partial summary judgment, that motion for partial summary judgment (Doc. No.69) is technically still pending. That Order (Doc. No. 94) is hereby **WITHDRAWN** and **SUPERSEDED** in its entirety by this Order and the accompanying Memorandum Opinion. For the reasons set forth in the Memorandum, the Motion is hereby **GRANTED IN PART** and **DEFERRED IN PART**.

Specifically with respect to the AIW's affirmative defense based upon Janice Evans' alleged comparative negligence, AIW concedes, after having conducted discovery, that the evidence as developed does not support a finding that Evans caused or contributed to the accident. The motion to dismiss AIW's affirmative defense of comparative negligence as to Evans is therefore **GRANTED**.

With respect to the motion as it pertains to the potential comparative fault of non-party David Oliveira, the Court finds that it is not appropriate to resolve that issue at this time. Because the Court now concludes that transfer of this matter to the District of Rhode Island is warranted on the grounds of judicial economy and the interests of justice, this matter is hereby **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND** pursuant to 29 U.S.C. § 1404(a). The

---

[1] All claims against defendant Leviton Manufacturing Company, Inc. have been dismissed without prejudice pursuant to a joint stipulation and agreed order by all parties to this action. (See Doc. No. 48.)

District of Rhode Island will be better equipped to consider the comparative fault of David Oliveira, presumably in the context of determining whether to permit AIW to implead him in accordance with Fed. R. Civ. P. 14.

  It is so **ORDERED**.

                  _____
                  Thomas A. Wiseman, Jr.
                  Senior U.S. District Judge